411 A.2d 830
**COMMONWEALTH of Pennsylvania**

v.

**Robert HESS, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Decided Oct. 5, 1979.

Petition for Allowance of Appeal Granted Jan. 4, 1980.

Peter J. Verderame, Langhorne, for appellant.

John J. Kevlock, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before PRICE, GATES * and DOWLING,* JJ.

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

DOWLING, Judge:

Appellant, Robert Hess, was tried before a judge and jury and found guilty of simple and aggravated assault, recklessly endangering another person, terroristic threats, and unlawful restraint, all committed against his wife. Appellant has filed this appeal following denial of post conviction motions.

The first issue relates to the trial court's exclusion of evidence of the appellant's inebriated condition at the time the criminal offenses were committed. He admits that the exclusion was dictated by statute, specifically 18 Pa.C. S.A. § 308 of the Crimes Code,[1] but contends that the statute is constitutionally infirm.

The identical issue was raised and disposed of in *Commonwealth v. Custer,* 30 Bucks.L.Rep. 178 (1977) aff'd per curiam, (1978). See also, *Commonwealth v. Bable,* 248 Pa.Super. 496, 375 A.2d 350 (1977); *Commonwealth v. Pickett,* 244 Pa.Super. 433, 368 A.2d 799 (1976). For the reasons stated in the foregoing decisions, we reject appellant's challenge and uphold both the constitutionality of Section 308 of the Crimes Code and the lower court's exclusion of evidence pursuant to it.

The next assignment of error concerns the trial court's ruling that the appellant's wife was required to testify against her will as a prosecution witness. The lower court's ruling was founded upon the Act of 1911, May 11, P.L. 269, § 1, 19 P.S. § 683, which abrogates the interspousal testimonial privilege ". . . in any criminal proceeding against either (spouse) for bodily injury or violence . . . threatened upon each other . . . ." Appellant acknowledges that his wife was a competent witness, but submits

---

1. § 308. Intoxication or drugged condition

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a high degree to a lower degree of murder. The Act of 1972, Dec. 6, P.L. 1484, 334, § 1.

that the lower court's compulsion of her testimony was neither authorized by the terms of the statute nor encompassed by the legislative intent.

The question presented, one of first impression in our jurisdiction,[2] is essentially a matter of statutory construction. In this connection, we find enlightenment in a New Jersey decision, *State v. Briley,* 53 N.J. 498, 251 A.2d 442 (1969) wherein a unanimous Supreme Court, interpreting an evidentiary statute similar to our own, held that ". . . the wife should be a competent and compellable witness against her husband . . ." where the wife alone or together with others is victimized by the husband's criminal conduct.

"A husband who assaults his wife commits an injury upon her and upon the society of which they are members. It is for the injury to the public, committed upon it through the person of his wife, that he punished . . . And it is therefore, for the protection of society, and of the wife as a member of society, that she is made competent as a witness against him . . . And that competency cannot be disclaimed by her." Id. at 505, 251 A.2d at 445, 446 (citing cases).

■ It is axiomatic that no claimant of a testimonial privilege can be the final arbiter of his own claim, a rule well recognized in several related contexts. See, *Commonwealth v. Hawthorne,* 428 Pa. 260, 236 A.2d 519 (1968) (self incrimination); *Commonwealth v. Jackson,* 475 Pa. 604, 605, 381 A.2d 438 (1977) (mental incompetency); *Commonwealth ex rel. Romanowicz v. Romanowicz,* 213 Pa.Super. 382, 248 A.2d 238 (1968) (physician's privilege); *Giordoni v. Hoffman,* 278 F.Supp. 886 (E.D.Pa.1968) (attorney privilege).

■ Moreover, were the interspousal testimonial competency provided for in 19 P.S. § 683 to be contingent upon the

2. The situation confronting the Supreme Court of Pennsylvania in *Commonwealth v. Robinson,* 468 Pa. 575, 578, 364 A.2d 665, 666–67 (1976) is factually distinguishable from the base before us, primarily because the spouse of the appellant was reluctant to be a Commonwealth witness, whereas the spouse in *Robinson, supra,* was willing to testify.

discretion of the victimized spouse, it would materially frustrate the legislative intent of facilitating the prosecution of criminal behavior occurring in a domestic setting frequently devoid of witnesses other than the spouses themselves. Under the Statutory Construction Act, 1 Pa.C.S.A. § 1921 et seq., we are bound to consider the object sought to be attained by the legislature in enacting the statute at issue. Accordingly, we hold that where the statutory rule of interspousal testimonial competency is applicable pursuant to 19 P.S. § 683, a victimized spouse falling within its provisions may, in the discretion of the trial court, be compelled to testify as a Commonwealth witness in criminal proceedings instituted against the offending spouse.

Appellant next complains that the trial court committed error in admitting, under the excited utterance res gestae exception, certain hearsay testimony of one of the arresting officers concerning statements made to him by the appellant's wife immediately after the appellant had been apprehended and about one-half hour after the incident had occurred. The lower court based its decision on its determination that under the circumstances prevailing at the time, the declarations were sufficiently spontaneous to qualify as an excited utterance.

To come within the excited utterance res gestae exception to the hearsay rule, a statement must be:

".  .  .  a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." *Commonwealth v. Pronkoskie,* 477 Pa. 132, 137–138, 383 A.2d 858, 860 (1978) quoting *Allen v. Mack,* 345 Pa. 407, 410, 28 A.2d 783, 784 (1942)

Appellant contends that his wife's statements were not made sufficiently close in time to the startling event consisting of his criminal behavior to carry the stamp of spontaneity that belies calculation and informs the declarations with reliability. In support of his argument, appellant points to both the amount of time which elapsed between the incident and the statements in question, and to the fact that the statements were made in response to questions asked by the officer.

The fact that the statements were not made immediately after the incident is not, in itself, dispositive of the question of their admissibility. *Commonwealth v. Cheeks,* 423 Pa. 67, 223 A.2d 291 (1966); see, *Commonwealth v. Stokes,* 409 Pa. 268, 186 A.2d 5 (1962); *Commonwealth v. Harris,* 351 Pa. 325, 41 A.2d 688 (1945). On numerous occasions, this court had previously approved the admission into evidence of such declarations notwithstanding interim periods comparable to or even greater than that involved in the present case. *Lininger v. Kromer,* 238 Pa.Super. 259, 358 A.2d 89 (1976) (2 hours); *Commonwealth v. Cheeks, supra.* (45 minutes); *Commonwealth v. Soudani,* 190 Pa.Super. 628, 155 A.2d 227 (1959) aff'd 398 Pa. 546, 159 A.2d 687 (1960); cert. denied 364 U.S. 886, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960) (45 minutes). While there is no fixed time limit either within which the declarations must be made to achieve excited utterance status, we are satisfied that a thirty minute period is not so extreme as to preclude admission of the declarations under the excited utterance exception, See, *Commonwealth v. Banks,* 454 Pa. 401, 311 A.2d 576 (1974). It is also well settled that a statement may be admissible as an excited utterance even though it is made in response to a question. *Commonwealth v. Banks, supra; Commonwealth v. Edwards,* 431 Pa. 44, 244 A.2d 683 (1968).

The appellant's fourth assignment of error is not properly before us for review. Pa.R.Crim.P.Rule 1123(a) requires post trial motions to be filed in writing within ten (10) days after a finding of guilt. The appellant's claim for prosecutorial misconduct was not included in the timely filed

post trial motions but it was set forth in a "Supplementary Motion for New Trial" filed nearly two (2) months after the verdict. Consequently, the matter was not properly raised in the court below and it may not be invoked on appeal. *Commonwealth v. Whiting,* 205 Pa.Super. 92, 208 A.2d 1 (1965); see also *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Judgment of sentence affirmed.

PRICE, J., concurs in the result.