## Hopewell v. Adebimpe

*Michael Malakoff,* for plaintiff.
*David M. Neuhart,* for defendant.

WETTICK, *J.,* January 26, 1981 — In this medical malpractice action, plaintiff filed a request for production of documents in which she requested Victor Adebimpe (defendant) to produce all of his statements and reports concerning her care and treatment, including statements prepared for any defendants' insurance carrier or attorney. Defendant responded by stating that no such statements or reports exist which are not protected by the attorney-client privilege. Plaintiff then filed interrogatories seeking as to each document for which defendant claimed the attorney-client privilege the name of the person supplying the information contained in the document, the place the information was received, where the document was prepared, the date of the document, the names of the persons (other than stenographic or clerical personnel) participating in the review and preparation of each document, and the names of the persons to whom the contents of each document have been communicated by copy, exhibition, reading or substan-

tial summarization. Defendant objected to the interrogatories on the ground that these interrogatories improperly inquired into matters protected from discovery by Pa.R.C.P. 4011(c).

Presently before this court is plaintiff's motion to compel answers to her interrogatories. The relief which she requests is that defendant initially provide the court for purposes of an in camera review with an affidavit containing the information which her interrogatories seek.

The attorney-client privilege is a fundamental concept in our body of common law that is presently codified in the Judicial Code, 42 Pa.C.S.A. §5928 which provides: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client."

Not all information relating to an attorney and his or her client is protected by the attorney-client privilege. The purpose of the privilege is to foster an open attorney-client dialogue essential for the proper representation of a client. Accordingly, the privilege protects only disclosures necessary to obtain informed legal advice which might not have been made absent the privilege: Brennan v. Brennan, _____ Pa. Superior Ct. _____, 422 A. 2d 510, 513-15 (1980); Cohen v. Jenkintown Cab Co., 238 Pa. Superior Ct. 456, 357 A. 2d 689 (1976). The criteria that must be met for the attorney-client privilege to apply are set forth in the oft cited case of United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-9 (D. Mass. 1950):

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a

client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

These criteria appear to be required by the Pennsylvania courts. See Brennan v. Brennan, supra; Com. v. Trolene, 263 Pa. Superior Ct. 263, 270-272, 397 A. 2d 1200, 1204-5 (1979); Nadler v. Warner Co., 321 Pa. 139, 184 Atl. 3 (1936); Alexander v. Queen, 253 Pa. 195, 97 Atl. 1063 (1916); Cridge's Estate, 289 Pa. 331, 137 Atl. 455 (1927); Turner v. Warren, 160 Pa. 336, 28 Atl. 781 (1894); Loutzenhiser v. Doddo, 436 Pa. 512, 260 A. 2d 745 (1970); Tracy v. Tracy, 377 Pa. 420, 105 A. 2d 122(1954); In re Westinghouse Electric Corporation Uranium Contracts Litigation, 76 F.R.D. 47, 56-7 (W.D. Pa. 1977); Trzesniowski v. Erie Insurance Exchange, 59 D. & C. 2d 44 (1973); Zimmerman v. Berrie, 10 D. & C. 3d 110 (1979).

Plaintiff's argument in support of her motion to produce is simple. She contends that she is entitled to the information which she seeks, because it may show that the criteria necessary for attorney-client privilege to apply are not present or that the privilege has been waived by the disclosure of the communications to third parties. Moreover, this information, according to plaintiff, is not protected by the attorney-client privilege. This privilege protects

only the contents of the communiication and defendant's answer to her interrogatories would in no way reveal the contents of any communication between defendant and his attorney. Plaintiff supports this argument by citing Zimmerman v. Berrie, supra, in which the court overruled objections to interrogatories concerning documents which defendant claimed were privileged, stating at pp. 110-111:

"While defendant is correct that plaintiffs do not have the right to seek discovery as to the *content* of any documents which contain privileged matters, the *fact* of an investigation and the *identity* of any reports or documents pertainting thereto are not privileged matters over which defendant may seek protection." (Emphasis in original.)

Defendant makes two arguments in opposition to plaintiff's motion to produce. First, defendant contends that Pa.R.C.P. 4011(c) bars discovery which "*relates* to matter which is privileged. . . ." (Emphasis supplied.) According to defendant, this provision bars discovery of any information concerning a privileged communication because such information relates to a matter which is privileged. We reject this interpretation of Rule 4011(c). Our pretrial discovery rules "have had as their principal focus the desire that a trial should be an inquiry into the facts of a case with each party in a position to examine the evidence upon which a decision will rest." Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 507, 259 A. 2d 451, 453 (1969). This purpose would be defeated if Rule 4011(c) is construed to provide greater protection from disclosure than the rules governing the admissibility of evidence at trial, thereby precluding access through discovery to information that would be admissible at trial.

This court's construction of Rule 4011(c) in this manner is supported by 10 Goodrich-Amram 2d §4011(c):1:

"The term 'privileged' as used in the Rules has reference to a 'privilege' recognized in and available under the law of evidence. This means that a privilege which may be asserted at the trial of an action may likewise be asserted in a pretrial deposition or discovery examination. If the privilege is properly claimed, the matter covered by the privilege is to be excluded from evidence at the trial of the action or its disclosure is to be precluded at the pretrial examination. The witness must have the same protection at one stage as at the other."

Defendant's second argument is that plaintiff's motion rests on Federal case law holding that the party claiming the benefit of the attorney-client privilege has the burden of establishing that the privilege exists (see, e.g., Barr Marine Products Co., Inc. v. Borg-Warner Corp., 84 F.R.D. 631, 636 (E.D. Pa. 1979); In re Bonanno, 344 F. 2d 830 (2d Cir. 1965); Honeywell, Inc. v. Piper Aircraft Corp., 50 F.R.D. 117, 120 (M.D. Pa. 1970); Federal Trade Commission v. Lukens Steel Co., 444 F. Supp. 803, 806 (D.D.C. 1977)) which is not in accord with Pennsylvania law. Pennsylvania law, according to defendant, places the burden on the party challenging the assertion of the attorney-client privilege. In support of this position, defendant cites Estate of Kofsky, 487 Pa. 473, 482, 483, 409 A. 2d 1358, 1362-3 (1979), wherein the Supreme Court stated:

"The appellee in the instant case had the burden of setting forth in its offer of proof facts from which the chancellor could conclude that the proffered testimony would not violate the attorney-client

privilege. [Citations omitted.] Appellee not only failed to carry this burden but, in fact, stated facts which made it *apparent* that Mr. Sidkoff's testimony would be in direct violation of the privilege," and Brennan v. Brennan, supra, wherein the Superior Court stated at 422 A. 2d 515:

"However, in defense of the privilege, we must be mindful of the concept that *the party seeking disclosure has the burden of establishing a prima facie case* that the attorney was used to promote an intended or continuing fraudulent or criminal activity. (citations omitted) Moreover, in making the determination of whether the interests of justice may be frustrated by the exercise of the privilege, *the court should resolve all doubts in favor of non-disclosure,* so that a client should not be chagrined to learn that the confidences that he conveyed to his attorney have been revealed to his detriment and without his consent." (Emphasis supplied.)

While we agree with defendant that in Pennsylvania the burden of proof is on the party seeking disclosure and that all doubts must be resolved in favor of nondisclosure, these principles in no way bar a party seeking disclosure from obtaining from the party claiming a privilege any facts surrounding an allegedly privileged communication which would not reveal its contents. To the contrary, the placing of the burden on the party seeking disclosure requires that this party be given every opportunity to obtain information of a nonconfidential nature surrounding the making and disclosure of the communication for which the privilege is claimed. Otherwise, the mere assertion of the privilege will for all practical purposes establish its validity contrary to the obvious principle that "no

claimant of a testimonial privilege can be the final arbiter of his own claim, a rule well recognized in several related contexts." Com. v. Hess, 270 Pa. Superior Ct. 501, 506, 411 A. 2d 830, 833 (1979).

Finally, there is no basis for limiting the review of defendant's answers to plaintiff's interrogatories to an in camera inspection by this court. The issue of whether communications are protected by the attorney-client privilege frequently involves complicated legal and factual issues that a court may not fully appreciate without the full participation of all parties. In the present case, for example, defendant's answers to plaintiff's interrogatories may not contain all the information to which plaintiff is entitled, may suggest other factual matters that should be pursued before the privilege question is decided, or may suggest legal arguments in favor of disclosure that are not apparent to the court. Consequently, plaintiff's ability to meet her burden of establishing that the communication is not privileged requires plaintiff's full participation in the proceedings involving this issue.

In this case, this court is requiring defendant to answer plaintiff's interrogatories only because it finds no basis for concluding that the answers would reveal the contents of a communication that may be privileged. If this court had found that defendant's answers were likely to reveal matters protected by the attorney-client privilege, it would have denied plaintiff's motion to produce. It would not in this situation have resolved the matter by an in camera inspection of defendant's answers because the privilege "proscribes not only giving evidentiary consideration to confidential communications, but also their very disclosure." Estate of Kofsky, supra, 487 Pa. 482, 409 A. 2d 1362. This

666

protection against disclosure requires that the in camera inspection be utilized only in the situation in which a court, after resolving all doubts in favor of nondisclosure, concludes that its discovery order will not require disclosure of a privileged communication but offers the party claiming the privilege the opportunity to convince the court through an in camera review of the information covered by the discovery order that it has mistakenly entered an order requiring disclosure of information protected by the privilege.

For these reasons, we enter the following

## ORDER

On this, January 26, 1981, it is hereby ordered that plaintiff's motion to produce is granted and that defendant Victor Adebimpe shall within 20 days file full and complete answers to plaintiff's interrogatories.