**Smith v. Lancaster County Tax Claim Bureau**

*Weglarz, Tyron and Friedman,* for plaintiffs.
*Thomas L. Goodman,* for defendant.

HUMMER, *J.,* February 8, 1982—Before the court is defendant-county of Lancaster's motion for judgment on the pleadings in the above captioned

action in negligence. Plaintiffs' complaint, filed on April 11, 1980, seeks recovery for the allegedly negligent acts of the Lancaster County Tax Claim Bureau.

The complaint avers that plaintiffs contacted the Tax Claim Bureau concerning the impending sale of property on which plaintiffs held a first mortgage, specifically plaintiffs inquired as to the effect of the sale on their mortgage interest. Plaintiffs allege that an employee of the Tax Claim Bureau informed them that their mortgage would not be divested by the tax sale. Plaintiffs claim that based on this advice plaintiffs took no further action as to the sale or their mortgage interest. However, because the mortgage had been recorded subsequent to the tax levy on the property, it was discharged at the sale. Plaintiffs attempted unsuccessfully to upset the tax sale and subsequently instituted this action to recover the value of the mortgage interest divested by the tax sale.

Defendant-county of Lancaster has moved for judgment on the pleadings based on the application of the Political Subdivision Tort Claims Act of 1978, 26 P.L. 1399 §101, 53 P.S. §5311.101 et. seq., since repealed and now a part of the Judicial Code, 42 Pa.C.S.A. §8541 et. seq. The Tort Claims Act limits local agency and governmental liability to the specifically enumerated acts set forth in §8542(b). Defendant contends that none of the eight exceptions to immunity are applicable under the present facts as averred by plaintiffs. Plaintiffs argue that §8542(b)(2) is an applicable exception to immunity requiring that defendant's motion be denied. Section 8542(b) provides in pertinent part:

Acts which may impose liability.—The following acts by a local agency or any of its employees may

result in the imposition of liability on a local agency:

. . .

(2) Care, custody or control of personal property.—The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

. . .

There is apparently very little caselaw interpreting the eight exceptions to immunity provided under the Tort Claims Act. The Clearfield County case of Beckner v. Bloom, 15 D. & C. 3d. 207 (1980) does hold that county tax claim bureaus are governmental agencies to whom the Tort Claims Act's immunity applies, however, the case does not specifically discuss any of the exceptions to immunity. Also in Carroll v. County of York, 496 Pa. 363, 437 A. 2d 394 (1981), the Supreme Court upheld the constitutionality of the Tort Claims Act and directed the action against York County be dismissed based on that statutory immunity. Again, however, the court provided no insight as to the interpretation of the eight exceptions.

Accordingly, in the absence of interpretive caselaw, this court will consider the general rules of statutory construction. The guidelines for statutory construction provided at 1 Pa.C.S.A. § 1921 et. seq. indicate that when the words of a statute are not explicit, the intention of the General Assembly may be ascertained by inter alia, the circumstances under which the statute was enacted, the object to be attained and the consequences of a particular

interpretation. Our appellate courts have also held that the courts are bound to consider the object sought to be attained by the legislature in enacting the statute at issue: Com. v. Hess, 270 Pa. Superior Ct. 501, 411 A. 2d 830, (1979); but also that the courts are constrained to give effect to the obvious meaning of clear and unambiguous statutory language: Com. v. Patchett, 284 Pa. Superior Ct. 252 (1981).

The statute presently under consideration, the Political Subdivision Tort Claims Act, was enacted by the legislature in response to the Pennsylvania Supreme Court's decision in Mayle v. Pa. Dept. of Highways, 479 Pa. 384, 489 A. 2d 426 (1978), which abolished the common law doctrine of sovereign immunity in Pennsylvania. Obviously the legislature intended to reinstate governmental immunity limited only by the eight enumerated exceptions. Thus the court is constrained to conclude that the exceptions should be narrowly interpreted, consistent with the plain meaning of the statute, as to do otherwise and impose liability in any situation conceivably fitting under the exceptions would defeat the legislature's intent of reinstating immunity.

To apply the above statutory interpretation to the present factual situation the court believes that it is first necessary to briefly review some background information concerning the tax claim bureau. The tax claim bureaus of the various counties were established by the Real Estate Tax Law Act of 1947, 72 Pa.C.S.A. § 5860.101 et. seq. Pursuant to § 5860.208 of that act the bureau and its director are designated agents of the taxing district for the collection and prosecution of taxes payable and for the management and disposition of property in accord with the act. Basically the tax claim bureaus were

created for the collection of delinquent taxes and, when necessary, the sale of real property subject to tax liens.

Plaintiffs would contend that the Tax Claim Bureau of Lancaster County has in their "control" not only the real estate subject to the tax sale but also any mortgages attached to the property. Plaintiffs argue that the power of the bureau to sell the property resulting in a divesting of the mortgage interest, if the mortgage has been recorded subsequent to the tax levy, provides the necessary "control" by the bureau over the mortgage, subjecting it to liability under the "personal property" exception to immunity.

The court does not agree and cannot find that the Lancaster County Tax Claim Bureau was in "control" of plaintiffs' mortgage. "Control" as defined in Black's Law Dictionary 399 (4th ed. 1951), requires the "power or authority to manage, direct, superintend, restrict, regulate, restrain, govern or oversee," moreover in Trust Co. of N.J. v. Greenwood Cemetery, 21 N.J. Mis. 169, 32 A. 2d. 519 (1943), "control" was defined as the right to exercise a directing or governing influence. In the present case the bureau had no ability to dictate the fate of plaintiffs' mortgage; the mortgage was divested by the circumstances of its recording and the priorities established by the Real Estate Tax Sale Law. The loss of the mortgage interest was clearly an incidental result of the bureau's proper exercise of its authority. There was no discretion exercised by the bureau as to the effect of the tax sale on the mortgage interest. Accordingly, the bureau and the county of Lancaster are immune from liability in the instant negligence action as none of the eight exceptions to immunity are applicable.

## ORDER

And now, February 8, 1982, defendant-county of Lancaster's motion for judgment on the pleadings is granted, and plaintiffs' complaint in trespass is dismissed as to Lancaster County.