## Grace Evangelical Lutheran Church v. Spiker

*Edward E. Knauss, IV,* for plaintiff.
*Robert R. Black,* for Michael Spiker and Carol Spiker.
*J. Jay Cooper,* for Tressler-Lutheran Social Service Associates, Inc.

SHUGHART, *P.J.,* July 22, 1982—Plaintiff, Grace Evangelical Lutheran Church, commenced this action following a fire which occurred at its Parish House on July 31, 1980. Plaintiff alleges that defendant Michael Spiker set the fire at the Parish House either intentionally or through an act of negligence. Plaintiff alleges that Michael's mother, Carol Spiker, and Tressler-Lutheran Service Associates, Inc. (Tressler) were negligent in not properly supervising Michael while he was at the Parish House for a counseling session with a representative of Tressler.

The action, now at the discovery stage, has been brought to our attention because a dispute has

arisen over certain information which plaintiff seeks to discover, but defendants claim is privileged. Plaintiff filed a motion to compel defendants to answer questions propounded at deposition and to compel the production of documents. Defendants countered with a motion for a protective order claiming the information sought by plaintiff is privileged. Pursuant to a suggestion by the court at argument, plaintiff filed a second request for production of documents on June 22, 1982. Plaintiff refined this second request in an effort to make it sufficiently particular to meet with defendants' approval. However, defendants contend that the materials covered in the second request are also privileged. We consider plaintiff's second request for documents to have superseded all earlier requests. Therefore, we limit the discussion in this option to the materials desired in that second request.

The Pennsylvania Rules of Civil Procedure make clear that privileged material is not subject to discovery: Pa.R.C.P. 4003.1 and Pa.R.C.P. 4009. The burden, however, rests with a party claiming a privilege to show that he or she falls within the ambit of that privilege: In Re: Estate of Carrol J. Warrell, No. 21-77-681 (Cumb. Filed Jan. 14, 1982). Furthermore, the final decision as to whether a privilege applies under the circumstances lies with the court: Com. v. Hess, 270 Pa. Superior Ct. 501, 411 A. 2d 830 (1979). In the instant case, defendants claim the protection accorded to court records in juvenile matters in section 6307 of the Judicial Code.[1] There is, however, nothing in the record now before the court which

---

1. Judicial Code of July 9, 1976, as amended, 42 Pa.C.S.A. §6307.

indicates that the documents sought by plaintiff are part of a court record in a juvenile matter. Bald assertions in a brief that the documents are protected by section 6307 will not suffice to meet defendants' burden. While Cumberland County Children and Youth Services may be involved in the case, that does not necessarily indicate that the court is involved as well. Defendants have simply failed to demonstrate that the privilege relied on has any application to the documents in question. Even assuming section 6307 applies to the records in question, the privilege contained therein is not absolute.[2] Rather section 6307 provides that

[a]ll files and records of the court in a proceeding under this chapter are open to inspection only by: . . .

(6) With leave of court, any other person or agency or institution having a legitimate interest in the proceedings: 42 Pa.C.S.A. §6307.

Plaintiff has a "legitimate interest" in any knowledge defendant Tressler had concerning Michael Spiker's alleged propensity to set fires. Furthermore, a narrow request only for documents which pertain to such knowledge will satisfy plaintiff's needs with minimal intrusion into confidential matters. Plaintiff's second request for production of documents is sufficiently narrow, and defendants must comply with it.

With respect to the additional claim of privilege for materials from the Hoffman Home under 42 Pa.C.S.A. §5945, we note that that section protects only certain specific kinds of school counselling

---

2. Defendant Tressler offers an interpretation of the language in section 6307 which renders the privilege absolute. But we reject that interpretation as being contrary to the plain meaning and usage of the English language.

information. On the record before us, there is no way of knowing whether any of the materials requested fall within the protection of section 5945. Once again, defendants shoulder the burden of demonstrating that section 5945 applies. They have failed to make such a demonstration. Therefore, discovery must be compelled.

Even though we allow this discovery, admissibility at trial will still be subject to the rules of evidence.

## ORDER

And now, July 22, 1982, for the reasons appearing in the opinion filed this date, defendants are ordered to produce the material requested in plaintiff's second request for production of documents.