532 A.2d 426

COMMONWEALTH of Pennsylvania, Appellee,

v.

Kenneth SCOTT, Appellant.

Supreme Court of Pennsylvania.

Submitted May 14, 1987.

Decided Oct. 15, 1987.

Allen C. Welch, Asst. Public Defender, for appellant.

Yvonne A. Okonieski, Deputy Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

This is an appeal by allowance from an order of the Superior Court affirming the conviction of Kenneth Scott (appellant) of voluntary manslaughter. We granted allocatur to consider whether the trial court erred in permitting the appellant's wife to testify against him.

On July 4, 1981, Kenneth Scott went to the Harrisburg home of his estranged wife, Linda, to take their children on an outing. While there, the appellant encountered his wife's live-in boyfriend, Allen Thomas. Words were exchanged between the two men concerning whether Scott had knocked on the door before entering. Thereafter, as the appellant was leaving with his children, Thomas gave him what was described as "a nasty stare." Following Scott's departure, Allen Thomas went upstairs and obtained a .357 magnum pistol, which he put in his trousers.

Kenneth Scott took his children with him to the residence of a friend, one Milton White; but, after the lapse of a short period, the children were sent home. Later that day, Scott, in the company of White, returned to his wife's house. The appellant came armed with a .22 caliber rifle. Kenneth Scott and his companion entered the house looking for Thomas, and found him in the kitchen with Mrs. Scott and the children. The appellant aimed the rifle at Thomas, who then responded to the situation by pulling out his magnum and moving toward the two intruders. Upon seeing that Allen Thomas was armed, the appellant exited the house and took up a position just outside. However, while the appellant was making his temporary withdrawal from the confrontation, Milton White, who had remained in the house, was fatally shot by Thomas. A few moments later, Thomas came out the front door, at which time he was greeted by seven shots fired by the appellant from the rifle. Two of the bullets struck Thomas, causing his death. Scott then fled the scene, and proceeded to hide the rifle. A short time later, he was taken into custody by the police.

Kenneth Scott was charged with murder for the shooting death of Allen Thomas. The case subsequently came on for trial before a jury in the Court of Common Pleas of Dauphin County.

Prior to the commencement of the trial, the judge conducted an *in camera* hearing to determine whether the appellant's estranged wife, Linda Scott, could testify on behalf of the prosecution. The defense asserted that she was incompetent to testify by force of section 5913 of the Judicial Code, 42 Pa.C.S. § 5913. The trial court disagreed and ruled that Mrs. Scott could testify against her husband. The court opined that the ancient rule of spousal incompetence was a disserving anachronism, and that it should no longer be recognized. After describing the considerations of marital sanctity and harmony that have traditionally been relied on to support the rule, the court went on to state: "Clearly, if one spouse is willing to testify against the other there is no more harmony in the marriage than in a rock concert." The trial court also reasoned that because the appellant had also endangered his wife and children by pointing the rifle at Thomas in the kitchen, and because one of the children was later in the line of fire when Thomas was shot, an exception under 42 Pa.C.S. § 5913 made the wife competent to testify. As support for the latter line of reasoning, the trial court relied on the decision of the Superior Court in *Commonwealth v. Galloway*, 271 Pa.Super. 305, 413 A.2d 418 (1979). We must note that no criminal charges were ever lodged against the appellant for his conduct toward his wife or children.

At trial, the Commonwealth's evidence was sufficient to prove that Kenneth Scott had killed Thomas. The appellant, however, sought to convince the jury that he had shot the deceased in self-defense. According to the appellant, Thomas was the initial aggressor and had humiliated him. Scott further testified that, after seeing Thomas shoot Milton White, he felt that he had to fire the rifle to save his own life. The appellant's wife was called by the prosecution as a rebuttal witness, to testify that she had heard her

husband threaten Allen Thomas on an occasion previous to the shooting. The purpose of her testimony was to prove that the appellant had harbored ill-will toward Thomas, and thereby discredit his claim of self-defense.

The jury found Kenneth Scott guilty of voluntary manslaughter. Following the denial of his post-trial motions, he was sentenced to a term of imprisonment of not less than five nor more than ten years.

Scott appealed from the judgment of sentence to the Superior Court, 505 A.2d 1036,[1] challenging, *inter alia*, the trial judge's ruling as to the competency of his wife to testify against him. The Superior Court affirmed by a memorandum opinion, citing as authority its decision in *Commonwealth v. Galloway, supra.* In the *Galloway* case, decided under the predecessor to 42 Pa.C.S. § 5913,[2] the Superior Court held that: "the spouse of an accused is competent ... to testify against the defendant as to a crime committed against a third person when such crime occurs in the same criminal episode as an act of violence committed by the accused upon the spouse, *regardless of whether separate criminal proceedings are involved.*" 271 Pa.Super. at 312, 413 A.2d at 421 (emphasis added).

In his appeal to this Court, appellant Scott asserts that the trial court's ruling as to the competency of his wife to testify, and the *Galloway* decision upon which it was based, are violative of 42 Pa.C.S. § 5913. We agree.

Section 5913 of the Judicial Code, 42 Pa.C.S. § 5913, provides as follows:

Spouses as witnesses against each other

Except as otherwise provided in this subchapter, in a criminal proceeding husband and wife shall not be competent or permitted to testify against each other, *except* that in proceedings for desertion and maintenance, and *in*

1. Scott's appeal to the Superior court was allowed *nunc pro tunc,* following a proceeding under the Post Conviction Hearing Act.

2. Section 2(b) of the Act of May 23, 1887, P.L. 158, *as amended* by 19 P.S. § 683.

*any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them,* or any minor child in their care or custody, or in the care or custody of either of them, *each shall be a competent witness against the other,* and except also that either of them shall be competent merely to prove the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other. (Emphasis added.)

The above provision codifies, subject to certain exceptions, the common law principle of spousal testimonial incompetency in criminal cases. For purposes of the instant matter, the exception in issue is that which is provided for a criminal proceeding against a spouse "for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife...."

According to the trial court and the Superior Court, the above statutory exception also applies in a criminal proceeding which is solely for violence to a non-family victim, if, *in that criminal episode,* the accused harmed or threatened with harm his or her spouse, or a minor child as set forth in the section in question. We are constrained to hold that the courts below, in reaching such a conclusion, ignored the plain language of section 5913.

The statute, in clear and unmistakable terms, limits the implicated exception to criminal proceedings in which a person is on trial *"for"* an act against his or her spouse, or against a minor child in the protected class. In sum, the statutory exception does not apply where, as in the instant case, the criminal proceeding is *solely* for violence by the defendant against a victim who is neither the accused's spouse nor within the class of protected minors. Support for a contrary position has been sought in our decision in *Commonwealth v. Robinson,* 468 Pa. 575, 364 A.2d 665 (1976). In that case, the defendant was prosecuted for

shooting his estranged wife and several unrelated adult males—all in the same episode. We did hold that the defendant's wife was competent to testify not only as to the violence against her, but also as to that against the other victims. However, a crucial distinction between *Robinson* and the present case is that in *Robinson* all of the defendant's criminal acts were prosecuted in the same proceeding. Thus, in that case, the wife's testimony was given in the context of a proceeding for violence against her.

Various legal commentators have offered criticisms calling for the abolishment of the rule of spousal testimonial incompetency, even in criminal cases. For example, McCormick has called the rule "an archaic survival of a mystical religious dogma and of a way of thinking about the marital relation that is today outmoded." C. McCormick, *Evidence* § 66 at 162–63 (3d ed. 1984). In the view of Wigmore, the grounds traditionally articulated for the rule are an "exhibition of the subtle power of cant over reason and of the solemn absurdity of explanations which do not explain and of justifications which do not justify." 8 J. Wigmore, *Evidence* § 2228 at 213 (McNaughton rev. 1961). Though strong as some of these criticisms may be, the question of whether the principle of spousal incompetency is to remain in force, or the question of what exceptions to it are to be recognized, is a matter for the state legislature. Our legislature has spoken on the subject, and the exceptions it has provided do not include the spousal testimony here in issue. Those exceptions cannot be supplemented by judicial fiat, no matter how well-intended. The language of the controlling statute cannot be ignored in pursuit of its spirit, even though a broad or liberal construction would obviously protect society in criminal cases where a wife has personal knowledge of facts probative of her husband's guilt. *Commonwealth v. Clanton*, 395 Pa. 521, 527–28, 151 A.2d 88, 92 (1959).

For the reasons set forth herein, the order of the Superior Court is reversed; and the appellant is granted a new trial.