593 A.2d 1275

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Steven HATFIELD, Elaine Hatfield, Intervenor.**

Superior Court of Pennsylvania.

Submitted April 1, 1991.

Filed May 28, 1991.

Reargument Denied Aug. 7, 1991.

Petition for Allowance of Appeal Granted
Nov. 13, 1991.

140

J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for Com., appellant.

Pamela A. Ruest, State College, for appellee.

Edward S. Blanarik Jr., State College, for intervenor.

Before CIRILLO, MONTEMURO and HESTER, JJ.

MONTEMURO, Judge:

This a Commonwealth appeal from an order quashing a subpoena issued for Elaine Hatfield, the victimized wife of the accused in this case, which involves charges of aggravated assault, simple assault, disorderly conduct and harassment.

On February 10, 1990, the victim telephoned her employer asking for help after her husband, Steven Hatfield, had beaten her during an argument, leaving her with a bloody nose, a black eye and multiple contusions on the face and head. Police were summoned, and the accused was arrested. However, at the preliminary hearing, Elaine Hatfield refused to give evidence against her husband. Nevertheless, on the basis of testimony provided by other witnesses, Hatfield was held for court. Pursuant to the scheduled bench trial, a subpoena was issued for Elaine Hatfield, who via counsel filed a petition to quash on the basis that compelled testimony was barred by spousal privilege.[1]

The trial court granted the petition, and this appeal followed.

In support of its challenge to the trial court's action, the Commonwealth relies upon 42 Pa.C.S.A. § 5913, which reads in pertinent part as follows:

§ 5913. **Spouses as Witnesses against each other**

Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:

(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other ...

This court has held, in commenting on the effect of this statute and its predecessor, 19 P.S. § 683, that

---

1. At the hearing, the petition was amended to include a claim of Fifth Amendment privilege as well. However, since the Commonwealth assured the court it had no intention of prosecuting the witness, the trial court found this argument baseless.

It is axiomatic that no claimant of a testimonial privilege can be the final arbiter of his own claim ... Moreover, were the interspousal testimonial competency provided for in 19 P.S. § 683 to be contingent upon the discretion of the victimized spouse, it would materially frustrate the legislative intent of facilitating the prosecution of criminal behavior occurring in a domestic setting frequently devoid of witnesses other than the spouses themselves.

*Commonwealth v. Hess,* 270 Pa.Super. 501, 411 A.2d 830 (1979), *appeal dismissed,* 499 Pa. 206, 452 A.2d 1011 (1982).

In extrapolating upon this notion, we have also held that the violence exception to the competency rule was created not only to protect the injured spouse,

but also partly for the sake of public justice in seeing to it that criminal acts do not go unpunished.

Clearly, if the wife is deemed competent by this exception, the efficacy of preserving domestic peace and tranquility has already been abrogated by the actions of the accused spouse.

*Commonwealth v. Galloway,* 271 Pa.Super. 305, 310, 413 A.2d 418, 420 (1979).

The case law is thus consistent in memorializing the recognition that domestic violence is no less a crime against society because the victim is married to the perpetrator. It follows naturally, then, from the multiple purposes of the statute that "not only is the spouse competent to testify in domestic violence cases, she or he may be **compelled** to testify," *Commonwealth v. Hancharik,* 388 Pa.Super. 337, 345, 565 A.2d 782, 786 (1989); (emphasis in original). Whether to force the unwilling spouse to give evidence thus becomes a matter for the trial court's discretion. *Hess, supra.*

In explaining its decision, the trial court found that the ends of justice would best be served by granting the petition, apparently seeing the termination of the prosecution, which the Commonwealth stipulated would result from Elaine's failure to testify, as a means of preserving the

Hatfields' marriage. In so deciding, the court relied upon the assurances of counsel, who stated that the circumstances giving rise to the criminal charges were unique, and that the Hatfields had undertaken counseling to remedy the underlying causes of their discord.

In assessing the correctness of the trial judge's decision in this case, we are offered little guidance by the authorities addressing the question of spousal privilege, since they present factual situations greatly at variance from the current one. For example, in *Hess*, the challenge to the wife's testimony came on direct appeal from judgment of sentence after the trial court's ruling that the wife was required to give evidence had already been implemented. Nor was any indication provided as to what factors the trial court relied upon in deciding to compel the testimony of the victimized spouse. In *Galloway*, the reluctant wife was not forced to testify at appellant's first trial; however, on remand, she was found to be the only living witness to the crime, which involved a homicide directly related to spousal abuse, and was found to have waived any possible spousal privilege by her testimony at her husband's preliminary hearing. In *Hancharik* the wife, who was not also the victim, was a willing witness, as was the wife in *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976), and *Commonwealth v. Dubin*, 399 Pa.Super. 100, 581 A.2d 944 (1990).

We are thus left with the trial court's conclusion that the interests of justice would best be served by nullifying the prosecution of this case, and are constrained to defer to the trial court as fact finder. However, given the court's notice of the increasing numbers of cases in which victimized spouses assert an unwillingness to testify, we would find that a record should be made on which to base the exercise of judicial discretion, at least as to the couple's past history. As it is insufficient for a criminal whose victim is not his spouse to avoid prosecution by recourse to therapeutic intervention, so perpetrators of domestic violence should not automatically be exempt from punishment

because they have sought counselling. Nevertheless, we are satisfied that here the trial court's exercise of its discretion was not improper.

Order affirmed.