805 A.2d 514

COMMONWEALTH of Pennsylvania, Appellant

v.

Joseph P. KIRKNER, IV, Appellee,

**Kellie Kirkner, Intervenor.**

Supreme Court of Pennsylvania.

Submitted April 2, 2002.

Decided Aug. 27, 2002.

Nicholas J. Casenta, Anthony Sarcione, West Chester, for the Com., appellant

James T. Marsh, Kenneth Square, for Joseph P. Kirkner, IV, appellee.

Bernard John Bialecki, Marc Stephen Bragg, Kenneth Square, for Kellie Kirkner, intervenor.

Before: ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION*

Justice EAKIN.

On July 4, 1999, police responded to a domestic disturbance at the home of Joseph and Kellie Kirkner. Mrs. Kirkner told police her husband choked her, struck her in the face, and shoved her to the ground. She accompanied police to their barracks where she permitted them to photograph her bruises and abrasions. She wrote a two-page statement about the incident.

Appellee was charged with simple assault and harassment. At the preliminary hearing, the Commonwealth presented sufficient evidence to hold him for trial, despite his wife's failure to appear. The Commonwealth issued a trial subpoena to Mrs. Kirkner which her attorney moved to quash.

After conducting a colloquy with wife, the trial court granted the motion, relying on *Commonwealth v. Hatfield*, 406 Pa.Super. 139, 593 A.2d 1275 (1991), *aff'd per curiam*, 530 Pa. 590, 610 A.2d 466 (1992), *reargument granted*, 534 Pa. 255, 628 A.2d 840 (1993).[1] The trial court concluded: "the decision to force an unwilling spouse to testify is a matter for the trial [c]ourt's discretion." Trial Court Opinion, 12/15/99, at 2. In deciding to quash the subpoena, the court found: (1) wife's

1. Reargument was dismissed as moot upon the death of Mr. Hatfield. *See Hatfield*, 534 Pa. 255, 628 A.2d 840 (1993).

decision not to testify was her choice and not the product of coercion by husband; (2) wife did not fear for her personal safety; (3) wife was not financially dependent on husband; (4) wife was an educated woman with training in law; and (5) wife's decision not to testify was motivated by her desire to preserve her marriage and family. The Commonwealth filed an interlocutory appeal. The Superior Court affirmed the trial court's order, determining it was bound by its *Hatfield* decision. *Commonwealth v. Kirkner*, No. 3317 EDA 1999, 768 A.2d 884 (Pa.Super.2000).

This Court granted allowance of appeal to address whether *Hatfield* contradicts the mandatory language of 42 Pa.C.S. § 5913 (relating to spouses as witnesses against each other). The facts in *Hatfield* parallel those in the instant case. Elaine Hatfield was beaten by her husband; she sustained a bloody nose, black eye and multiple contusions. Mr. Hatfield was charged, and despite Mrs. Hatfield's refusal to testify at the preliminary hearing, was held for court based on testimony by other witnesses. A subpoena was issued for Mrs. Hatfield to testify at trial; she filed a motion to quash because of spousal privilege. The trial court quashed the subpoena, relying on the assurances of counsel that the circumstances surrounding the assault were unique and that the Hatfields were in counseling. The Commonwealth appealed; the Superior Court stated: "[w]hether to force the unwilling spouse to give evidence thus becomes a matter for the trial court's discretion." *Id.*, at 1276. For this proposition, the court cited *Commonwealth v. Hess*, 270 Pa.Super. 501, 411 A.2d 830 (1979), a case of first impression dealing with competency, not statutory privilege. The Superior Court felt itself constrained to defer to the trial court's decision that "nullifying the prosecution" best served the interests of justice. *Hatfield*, at 1276–77.

The Commonwealth argues if the trial court has discretion to determine whether a victim should testify against an accused spouse, then the trial court will effectively be establishing spousal privilege on a case-by-case basis; the Commonwealth contends the use of "shall" in 42 Pa.C.S. § 5913 signals

the General Assembly's intent to eliminate the privilege, and hence the discretion, in this circumstance.

 Spousal privilege in the common law can be traced to canons of medieval jurisprudence: "the rule that an accused was not permitted to testify in his own behalf because of his interest in the proceeding; [and] the concept that husband and wife were one" and married women had no recognized separate legal existence. *Trammel v. United States*, 445 U.S. 40, 44, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). However, "[e]ven at common law the [spousal] privilege was withheld from the husband in criminal prosecutions against him for wrongs directly against the person of the wife." McCormick, *Evidence* § 66 at 162 (3d ed.1984) (citing 1 Blackstone, Commentaries 443 (1765); 8 Wigmore, Evidence § 2239 (McNaughton rev.1961)). In 1887, when the General Assembly codified the common law prohibition of one spouse testifying against the other, it delineated specific circumstances when spouses would be competent to testify against each other.

> Nor shall husband and wife be competent or permitted to testify against each other, or in support of a criminal charge of adultery alleged to have been committed by or with the other, except that in proceedings for desertion and maintenance, and in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them, each shall be a competent witness against the other, and except also that either of them shall be competent merely to prove the fact of marriage, in support of a criminal charge of adultery or bigamy alleged to have been committed by or with the other.

*See Commonwealth v. Moore*, 453 Pa. 302, 309 A.2d 569, 570 n. 4 (1973) (citing Act of May 23, 1887, P.L. 158, § 2(b), *as amended*, 19 P.S. § 683).

While the rule of testimonial competency became one of testimonial privilege in 1989, the exceptions found in the original Act survive today. Section 5913 provides:

Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that *there shall be no such privilege:*

(1) in proceedings for desertion and maintenance;

(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;

(3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or

(4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse or rape.

42 Pa.C.S. § 5913 (emphasis added).

Adhering to the Statutory Construction Act, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). In this clear and unambiguous statute, " 'shall' is mandatory." *Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148, 150 (1997).

Section 5913 uses the phrase "shall be no such privilege" in criminal proceedings for bodily injury between husband and wife. The statute cannot be modified by judicial discretion, no matter how well-intentioned the trial court might be. *See Commonwealth v. Newman,* 534 Pa. 424, 633 A.2d 1069, 1072 (1993); *Commonwealth v. Scott,* 516 Pa. 346, 532 A.2d 426, 429 (1987). While reliance on *Hatfield* by the trial and appellate courts was understandable, *Hatfield* is in error. Such discretion as exists reposes in the District Attorney, who has the obligation of determining the merits of any prosecution, and

the responsibility of requiring appropriate witnesses to testify. As there is no privilege excusing this witness in this case, it was error to quash the subpoena.

If the victim's goal of preserving her relationship with her spouse through forgiveness and understanding is to be achieved, appellee may offer her equal forgiveness and understanding of her truthful testimony. If there is a conviction, or an understanding and forgiving plea, an appropriate sentence may, of course, be fashioned.

The decision in *Hatfield* contradicts the express intention of the legislature in 42 Pa.C.S. § 5913. Therefore, the decision in *Hatfield* is overruled. There being no privilege, the decision of the Superior Court is reversed; this case is remanded to the trial court for reinstatement of the subpoena.

Order reversed; case remanded. Jurisdiction relinquished.

Chief Justice ZAPPALA concurs in the result.

Justice CAPPY files a concurring opinion.

Justice CAPPY concurring.

I join the majority opinion, except with regard to the following two points:

First, this Court has recognized that the word "shall" is not always regarded as mandatory, but has also been interpreted to be merely directory. *Commonwealth v. Baker*, 547 Pa. 214, 690 A.2d 164, 167 (1997).

Second, I disassociate myself from the majority's discussion of the victim's goal of preserving her relationship with her spouse. Op. at p. 517. In my view, there is simply no need to discuss this aspect of the appeal, as it is not necessary to the Court's disposition of the matter.