Hollie E. HARRELL, Individually and on Behalf of all Others Similarly Situated, Appellant,

v.

CHRYSLER FINANCIAL COMPANY, L.L.C., F/D/A CHRYSLER FINAN-CIAL CORPORATION, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 20, 2002.

Filed Nov. 13, 2002.

Erin M. Brady, Pittsburgh, for appellant (did not argue).

Michael P. Malakoff, Pittsburgh, for appellant.

Stephen G. Harvey, Philadelphia, for appellee.

Before: JOHNSON, MUSMANNO and BOWES, JJ.

BOWES, J.

¶ 1 Hollie E. Harrell, individually and on behalf of those similarly situated, appeals the July 31, 2001 order dismissing all remaining counts pending in this action against Appellee, Chrysler Financial Company, L.L.C., a/k/a Chrysler Financial Corporation. We affirm.

¶ 2 The factual background of this case is as follows. On February 13, 1996, Appellant entered into a motor vehicle retail installment contract with The New Monroeville Chrysler/Plymouth, Inc. ("Monroeville C/P"), a car dealership, to obtain financing for her motor vehicle purchase. Monroeville C/P subsequently assigned all of its rights and obligations under the contract to Appellee. Appellant financed $15,178.65, which she agreed to pay at a thirteen-percent-interest rate over a five-year term. The financial disclosure in the contract set forth an "estimated" finance charge of $5,542.95 and "estimated" total payments at $20,721.60. The contract disclosed an estimated finance charge and estimated total payment because those estimates were based on the assumption that all payments would be made precisely on the scheduled payment due date. The contract also stated (emphasis added):

**Promise to Pay and Final Scheduled Payment.** You promise to pay to Creditor the Total of Payments according to the Payment Schedule shown on the front of this Contract. Each payment received will be applied first to the accrued and unpaid Finance Charge, which accrues based on actual dates of payment, and the remainder will be applied to reduce the unpaid Amount Financed.

The Finance Charge, Total of Payments, and the Total Sale Price are estimated amounts based on the assumption that you make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. **Your Final Payment may be larger or smaller, depending on whether you have made your payments late or early.** Creditor will send you a notice before the Due Date of the Final Scheduled Payment to show you what you owe. You agree to pay that amount as your Final Scheduled Payment.

¶ 3 Thus, the contract provided that Appellant would pay less interest if she made payments early and correspondingly, more interest if payments were made late. The contract also provided that she would pay a monthly late charge equivalent to two percent of any payment or part thereof that was made more than ten days late. Appellant made some payments more than ten days after her scheduled due dates, thus accruing both additional interest and late fees.

¶ 4 On July 7, 1999, Appellant commenced this civil action against Appellee by filing a four-count-class-action complaint. Class certification never was obtained. Only count four, which contains claims under the Motor Vehicle Sales Finance Act, 69 P.S. § 601 *et seq.* ("the Act"), is at issue in this appeal. In that count, Appellant alleged that section 621 of the Act permits Appellee to impose only a two percent default charge on any payment more than ten days late but does not permit Appellee to charge additional interest. She also alleged that Appellee was not permitted to use the simple interest method of calculating finance charges, which is the method outlined in the contract.

¶ 5 Appellee filed preliminary objections to all counts of the complaint, including count four. Appellee argued that Appellant's claims under the Act were contradicted by plain statutory language that expressly permits finance charges to be calculated using the simple interest method as well as the imposition of a separate two percent default charge. Appellee also asserted that the Act contains no provision expressly creating a private cause of action.

¶ 6 On July 21, 2000, the trial court granted in part and denied in part the preliminary objections. The trial court granted Appellee's preliminary objections to the claims under the Act, dismissing count four. On July 30, 2001, the trial court dismissed the remaining claims. This appeal followed.

■ ¶ 7 The first question presented on appeal is whether the Act permits the use of simple interest in calculating finance charges on this retail installment contract. We conclude that the clear language of 69 P.S. § 619 of the Act authorizes the use of simple interest. That section provides that in the case of vehicles such as the car at issue here, a seller may collect a finance charge "which shall not exceed ... eighteen percent (18%) simple interest per year on the unpaid balance." 69 P.S. § 619. In fact, in 1982, the Pennsylvania legislature amended the Act to include the language referring to the use of simple interest. Act of June 18, 1982, P.L. 553, No. 160, Section 1, 69 P.S. § 619.

■ ¶ 8 This Court has recognized that in a simple interest transaction, "interest is paid as it accrues, and then on a declining principal balance." *Dear v. Holly Jon Equip. Co.*, 283 Pa.Super. 74, 423 A.2d 721, 724 (1980). In other words, payments can be scheduled at the inception of a simple interest transaction on the assumption that all payments will be made on time, but the amount of interest to be paid ultimately will depend upon whether the payments are made early, late, or on time. As a result, simple interest cannot be precomputed and thereafter remain unchanged.

¶ 9 With a simple interest calculation, unless each payment is made precisely on its due date, there is not a fixed interest payment nor is there a fixed finance charge. Instead, the amount of interest to be paid will fluctuate as it is calculated on the unpaid balance when each payment is received. Thus, if the borrower makes an early payment, he will pay less finance charges, and if the borrower pays late, he will pay more in finance charges, owing an additional payment at the end of the contract.

¶ 10 Appellant argues that the Act does not permit the use of simple interest, focusing on language peppered throughout the Act regarding "scheduled" payments as opposed to "estimated" payments, and "fixed" finance charges as opposed to "estimated" finance charges. Appellant posits that the simple interest method is inconsistent with this language. However, Appellant ignores the maxim of statutory construction that the specific shall control the general. 1 Pa.C.S. § 1933. In this case, the simple interest method of calculation is authorized specifically by the statutory language of 69 P.S. § 619. There is no merit to Appellant's argument that the Act requires simple interest to be precomputed at the inception of an installment sales contract so that the amount of interest paid can never fluctuate. This position is flatly inconsistent with section 619, which authorizes the use of "simple interest on the unpaid balance."

■ ¶ 11 The next question is whether the lender is entitled to collect interest, as well as a late charge, if a payment is more than ten days late. We note that 69 P.S.

§ 621 expressly authorizes the collection of a separate two-percent-default charge. Appellant's position is that finance charges and default charges are both "late charges" subject to the two percent ceiling of 69 Pa.C.S. § 621. However, such an interpretation of the Act would render either section 619 or section 621 of the Act a nullity. This interpretation is inconsistent with the applicable rule of statutory construction, 1 P.S. § 1922(2), which requires the court to construe an Act to give effect to **all** of its provisions. Finance charges and default charges are separate charges authorized under the Act. Section 619 authorizes finance charges on installment contracts while section 621 permits default charges when an installment payment is not paid within ten days after the due date.

¶ 12 The Act plainly authorizes the use of simple interest in calculating the finance charge in an installment sales contract for a motor vehicle, and it also plainly authorizes a separate two-percent-default charge for payments not made within ten days after the due date. Appellant urges us to adopt an interpretation of section 619 that cuts off a lender's right to collect interest once a two-percent-default charge applies, but we decline to do so. As our Supreme Court recently reiterated, a "statute cannot be modified by judicial discretion, no matter how well-intentioned the ... court might be." *Commonwealth v. Kirkner*, 569 Pa. 499, 805 A.2d 514, 516–17 (2002). The statute herein authorizes the use of simple interest and also provides for a late penalty in addition to simple interest. Accordingly, we affirm.

¶ 13 Order affirmed.