405 A.2d 929

COMMONWEALTH of Pennsylvania

v.

**Oliver RUFF, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 1, 1979.

Joel Every, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On March 30, 1977, a jury convicted appellant, Oliver Ruff, of murder of the third degree for killing the victim with a shotgun, and acquitted him of charges of murder of the first and second degrees and voluntary and involuntary manslaughter. After denying post verdict motions, the trial court sentenced appellant to a term of imprisonment of 4 to 20 years. Appellant contends that the court denied him due process by erroneously instructing the jury that evidence of voluntary intoxication could not serve to reduce murder of the third degree to manslaughter. We affirm.

■ At trial, appellant entered evidence indicating that he had been intoxicated at the time of the shooting from drinking extensively at a party. He objected to the court's instruction to the jury that evidence of voluntary intoxication could reduce murder of the first degree to murder of the third degree, but could not reduce murder of the third degree to manslaughter. The court's instruction correctly followed 18 Pa.C.S.A. § 308 (Supp.1978–79) (effective April 7, 1976, as amended). Appellant argues that the statute is unconstitutional because it prevents him from entering evidence bearing on the state of mind necessary for murder of the third degree.

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas, Clinton County, Pennsylvania, are sitting by designation.

Contrary to appellant's assertion, evidence of voluntary intoxication cannot negate malice, the state of mind necessary for murder of the third degree. *Commonwealth v. Hicks,* 483 Pa. 305, 396 A.2d 1183 (1979); *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975). Section 308, therefore, merely prohibits an accused from entering certain evidence irrelevant to whether he acted out of malice. Under § 308, of course, the Commonwealth still must prove all elements of the offense charged, including state of mind, beyond a reasonable doubt. See *Commonwealth v. Graves,* supra (rule that voluntary intoxication does not negate malice consistent with requirement that prosecution prove guilt beyond reasonable doubt). Appellant has offered no valid reason for striking down § 308 as unconstitutional.

Judgment of sentence affirmed.