<hr />

436 A.2d 1201

**COMMONWEALTH of Pennsylvania,**

**v.**

**William Gerald McCONNELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1981.

Filed Nov. 6, 1981.

Petition for Allowance of Appeal Denied Jan. 29, 1982.

J. Wesley Oler, Jr., Assistant Public Defender, Carlisle, for appellant.

Edgar B. Bayley, District Attorney, Carlisle, for Commonwealth, appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

DiSALLE, Judge:

Appellant, William McConnell, was convicted by a jury on the charge of retail theft. This direct appeal followed the denial of appellant's post-trial motions and entry of the judgment of sentence.

■ Appellant's first contention is that the evidence was insufficient to prove his intent to steal the goods. The test for determining the sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, and drawing all inferences therefrom, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. McKee*, 269 Pa.Super. 568, 410 A.2d 847 (1979). Criminal intent may be proven by circumstantial evidence. *Commonwealth v. Bonn*, 244 Pa. Super. 315, 368 A.2d 738 (1976).

■ Here, the Commonwealth's witnesses testified that appellant entered Hess's Department Store and walked directly into the store's domestics department, where he browsed for about five to eight minutes. During that time, appellant picked up a blanket and placed it under his arm.

Appellant then walked into the store's furniture department and after twenty or thirty seconds left the store, the blanket still under his arm. He was apprehended in the parking lot twenty or thirty feet outside the store. Appellant testified that he was daydreaming and had inadvertently left the store without paying for the blanket. He claimed that he was returning to the store to pay for the blanket when he was apprehended. We find the evidence sufficient to prove appellant's intent to commit retail theft.

Appellant's reliance upon *Commonwealth v. Shapiro*, 223 Pa.Super. 15, 297 A.2d 161 (1972), is misplaced, in *Shapiro* the defendant's testimony was consistent with the testimony of the Commonwealth's witness. The defendant was in the store for a substantial period of time, and had purchased other items. In the present case, the appellant's testimony contradicted most of the Commonwealth witnesses' testimony. The appellant was in the store only briefly and had not purchased any other items.

Appellant's next several contentions are without merit. Appellant contends that the lower court erred in refusing to instruct the jury (1) that evidence of intoxication could be considered in determining the existence of appellant's intent to steal; (2) that absence of motive was a factor to be considered; and (3) that conflicting testimony was not necessarily to be resolved on the basis of the number of witnesses and amount of evidence.

Appellant's requested instruction concerning intoxication was contrary to 18 Pa.C.S.A. § 308 (Supplementary Pamphlet 1974 to 1980) which states:

> Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense. . . .

Thus, appellant's requested instruction on intoxication was properly refused. We reject appellant's vague argument that § 308 is unconstitutional. *Commonwealth v. Hess*, 270

Pa.Super. 501, 411 A.2d 830 (1979) and *Commonwealth v. Ruff*, 266 Pa.Super. 497, 405 A.2d 929 (1979). It is to be noted that, although appellant testified that he had been drinking on the morning prior to his arrest, he denied he was intoxicated.

■ Appellant's second requested instruction, concerning motive, was also correctly refused. While sometimes relevant factually, motive is not an element of the crime of retail theft. *See Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026 (1978).

■ The lower court's refusal to give the number of witnesses and amount of evidence instruction was also correctly refused because these matters had previously been covered. Therefore, the appellant was not prejudiced by the court's refusal. *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1976).

■ Appellant's final contention is that his sentence was manifestly excessive. This conviction was at least appellant's third conviction for retail theft.[1] The sentence imposed by the lower court, that appellant be imprisoned for one and one-half to five years, was within statutory limits. 18 Pa.C.S.A. § 3929(b); 18 Pa.C.S.A. § 1103. The sentencing record shows that the lower court complied with all sentencing requirements. *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978); *Commonwealth v. Straw*, 238 Pa.Super. 535, 361 A.2d 427 (1976) allocatur refused. The lower court, on the record, considered appellant's visual problems, his age, his family and employment situations, the seriousness of the offense, the pre-sentence report, appellant's numerous prior convictions for the same offense, and adequately stated its reasons for sentencing appellant.

Judgment of sentence affirmed.

1. The record indicates that appellant's prior criminal record for retail theft includes approximately thirteen prior offenses dating back to 1968.