456 A.2d 204

COMMONWEALTH of Pennsylvania

v.

Robert William LAING, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 13, 1982.

Filed Feb. 4, 1983.

H. Rothman, Pittsburgh, for appellant.

William G. Martin, Jr., Assistant District Attorney, Franklin, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and BECK, JJ.

WIEAND, Judge:

█ Robert William Laing, Jr. was found guilty by a jury of four counts of aggravated assault,[1] four counts of recklessly endangering another person,[2] one count of simple assault,[3] and leaving the scene of an accident.[4] The convictions were the aftermath of a brawl which occurred in the City of Franklin, Venango County, during the early morning hours of May 22, 1980. Laing was sentenced to serve a term of imprisonment of not less than one nor more than two years, together with a fine of $200.00, for each of three counts of aggravated assault and for each of the four counts of recklessly endangering. The terms of imprisonment were to run concurrently. An additional concurrent term of six to twelve months was imposed for the vehicle offense; and a consecutive five year period of probation was imposed for the remaining aggravated assault conviction.[5] On direct appeal, Laing's principal contention is that Section 308 of the Crimes Code, 18 Pa.C.S. § 308, which precludes the defense of voluntary intoxication, is unconstitutional. He contends also that the guilty verdicts were against the weight of the evidence and that the court erred in permitting the jury to consider multiple offenses arising out of each criminal act. There is no merit in these contentions. However, for purposes of sentencing, the convictions for recklessly endangering merged in the aggravated assaults. Therefore, we vacate the sentences imposed and remand for resentencing.

The pertinent facts, as recited by the trial court, are that "[o]n May 22, 1980, defendant left a bar in Franklin and became involved in a fight during the course of which he

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 2705.

3. 18 Pa.C.S. § 2701.

4. 75 Pa.C.S. § 3742(a).

5. The trial court determined that the simple assault offense had merged in an aggravated assault.

was hit and kicked several times. Defendant then got in his van and proceeded down the street. Upon seeing the man with whom he had been fighting, defendant drove the van towards him. The man got on the other side of a chain across a parking lot entrance, and defendant stopped the van. Defendant then turned the van around and drove across the street towards a group of people standing on the sidewalk. Defendant drove the van onto the sidewalk, hitting and knocking down one person, striking the hand of another, and forcing two other people to jump out of the way. After proceeding down the sidewalk a short distance, defendant drove back onto the street and left the area." Other evidence showed that Laing had been drinking heavily for several hours prior to the incident. A toxicologist estimated Laing's blood alcohol level at between .26 and .27.

Section 308 of the Crimes Code, 18 Pa.C.S. § 308, provides that:

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

Pursuant to this provision, the trial court excluded expert testimony to the effect that appellant had suffered an alcoholic blackout and was incapable of formulating the requisite intent.[6] Earlier, the court had also disallowed questions of potential jurors concerning their ability and willingness to consider such a defense. Appellant contends

---

6. Of the offenses with which appellant was charged and ultimately convicted, only aggravated assault required a specific intent. Where an aggravated assault entails an attempt to inflict serious bodily injury, it may properly be categorized as a specific intent crime. See: *Commonwealth v. Grassmyer*, 266 Pa.Super. 11, 16 n. 1, 402 A.2d 1052, 1054 n. 1 (1979).

that the statute offends constitutional guarantees of equal protection and due process. Similar constitutional attacks on Section 308 have been made and rejected. See: *Commonwealth v. Bridge*, 495 Pa. 568, 435 A.2d 151 (1981); *Commonwealth v. Rumsey*, 309 Pa.Super. 137, 454 A.2d 1121 (1983); *Commonwealth v. McConnell*, 292 Pa.Super. 160, 163–164, 436 A.2d 1201, 1203 (1981); *Commonwealth v. Hess*, 270 Pa.Super. 501, 505, 411 A.2d 830, 831 (1979); *Commonwealth v. Ruff*, 266 Pa.Super. 497, 405 A.2d 929 (1979); *Commonwealth v. Custor*, 30 Bucks Co.L.Rep. 178 (1977), *aff'g*, 262 Pa.Super. 628, 396 A.2d 849 (1978). We also reject appellant's present constitutional attack on this section of the Crimes Code and reaffirm the well-established principle that "voluntary intoxication neither exonerates nor excuses criminal conduct." *Commonwealth v. Bridge, supra* 495 Pa. at 572–573, 435 A.2d at 153–154 (collecting cases).

 Appellant's second claim is that a new trial should have been awarded because the verdict was against the weight of the evidence. Such a determination is generally committed to the discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Starks*, 298 Pa.Super. 213, 215, 444 A.2d 736, 738 (1982); *Commonwealth v. Rodriquez*, 291 Pa.Super. 239, 243 n. 3, 435 A.2d 888, 890 n. 3 (1981); *Commonwealth v. Larew*, 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981). A court will grant a new trial on the ground that the verdict was against the weight of the evidence only where it "appear[s] from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may be given another opportunity to prevail." *Commonwealth v. Barnhardt*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). This, quite simply, was not such a case. Therefore the trial court did not abuse its discretion when it refused to grant a new trial for this reason.

Finally, appellant alleges error in the fact that the trial court submitted to the jury all offenses arising from the same episode. This contention is patently frivolous. It goes almost without saying that an accused may be charged, tried and found guilty of several offenses for but one criminal act. Indeed, "prosecutors generally offer the jury a smorgasbord of offenses." *Commonwealth v. Artis,* 294 Pa.Super. 276, 282, 439 A.2d 1199, 1202 (1982). However, it is equally well established that "the imposition of two *sentences* under the guise of two offenses, where only one act was the basis for charge and sentence, is unlawful ...." *Id.,* 294 Pa.Superior at 281, 439 A.2d at 1201 (emphasis added). The constitutional prohibition against double jeopardy not only bars successive prosecutions for a single criminal act, but it also forbids multiple punishments for the same offense. *Commonwealth v. Bolden,* 472 Pa. 602, 618, 373 A.2d 90, 97–98 (1977). So also, the doctrine of merger " 'prevents double punishment for a lesser offense when it is a necessary ingredient of the greater offense for which the defendant has also been indicted, convicted and punished.' " *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 545–546, 420 A.2d 674, 675–676 (1980) quoting *Commonwealth v. Nelson,* 452 Pa. 275, 280, 305 A.2d 369, 371 (1973) (Nix, J., concurring and dissenting). The trial court, in the instant case, erred when it imposed separate sentences for aggravated assault and recklessly endangering another person. Recklessly endangering was, under the facts of this case, a constituent offense of aggravated assault and, for purposes of sentencing, merged with the more serious offense. Accord: *Commonwealth v. Williams,* 290 Pa.Super. 209, 215–216, 434 A.2d 717, 720 (1980). Once the Commonwealth had proved the commission of four aggravated assaults with a motor vehicle, no additional facts were necessary to prove the offenses of recklessly endangering the same victims.

The judgment of sentence is vacated, and the case is remanded for resentencing on the convictions for aggravated assault and leaving the scene of an accident.