J-S05005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN B. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1104 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2021
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003562-2019

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED MAY 17, 2022**

Melvin B. Williams asks us to overturn his theft related convictions through a challenge to the sufficiency and, in the alternative, to grant a new trial via a challenge to the weight of the evidence. Finding no merits to either issue, we affirm.

The Commonwealth charged Williams with perpetrating what is commonly called a "quick change" or "short change" scam. The scam involves buying an inexpensive item with a large bill. The scammer then attempts to confuse the cashier through repeated requests to make change and quick movement of the bills involved. Through the confusion, the scammer seeks to get more money in change than the scammer is entitled to. ***See***, ***generally***, ***State v. Keeling***, 233 N.W.2d 586, 588 (S.D. 1975).

Here, the Commonwealth presented evidence that in the evening of June 9, 2019, Williams was at Redner's Warehouse Markets in Leesport. He approached a customer service manager, Morgan Noll, who was working as a cashier in the beer and wine section of the establishment. At Noll's cash register, Williams presented a $3.00 bag of popcorn, which he paid for with a $100 bill. Noll gave Williams his change in the form of $5 and $1 bills. Williams then asked that his change be in $20 bills. Some confusion about the amount of money being transferred ensued as the two attempted to do the arithmetic and conclude the transaction. After Williams left, Noll was confused about the accuracy of the exchange, but she did not immediately report it to her supervisors.

The following morning, Noll called her workplace to confirm the accuracy of her cash register from the night before. She was informed that her cash drawer was short one-hundred dollars. The police were contacted regarding the transaction with Williams.

On July 25, 2021, Williams was charged with theft by deception and receiving stolen property. On September 9, 2019, the Commonwealth filed a criminal information that added the charge of theft by unlawful taking.

On May 28, 2021, a jury convicted Williams of theft by unlawful taking, theft by deception, and receiving stolen property. He was sentenced on July 16, 2021, to two years of probation for the conviction of theft by unlawful taking. The remaining two convictions merged for purposes of sentencing. On

July 21, 2021, Williams filed a timely post-sentence motion, which the trial court denied on July 23, 2021. This timely appeal followed.

As noted, Williams is raising two claims for review, which challenge the sufficiency and weight of the evidence. Williams contends the Commonwealth failed to present evidence that he possessed the necessary *mens rea* for the crimes. He asserts that any discrepancy with the amount of money he received from the cashier was the result of mere confusion by both Williams and Noll. Regarding the sufficiency challenge, Williams states that "there is no objective evidence on record to support … an inference of criminal intent, or to disprove the possibility of mere mistake." Appellant's Brief at 18.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the factfinder. *See id*. "As

an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

The relevant statute regarding theft provides that "[a] person is guilty of theft [by unlawful taking or disposition] if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Proof of theft by unlawful taking requires three elements: (1) unlawful taking or unlawful control over movable property; (2) the movable property belongs to another; and (3) intent to deprive permanently. ***See Commonwealth v. Young***, 35 A.3d 54, 62 (Pa. Super. 2011). Criminal intent may be inferred from the surrounding circumstances. ***See Commonwealth v. McConnell***, 436 A.2d 1201, 1202 (Pa. Super. 1981).

The crime of theft by deception, as defined in 18 Pa.C.S.A. § 3922, requires three elements: (1) intentionally obtaining or withholding property; (2) the property belongs to another; and (3) deception. ***See Commonwealth v. Goins***, 867 A.2d 526, 530 (Pa. Super. 2004). "The *mens rea* for theft by deception is [] intent to defraud." ***Commonwealth v. Grife***, 664 A.2d 116, 120 (Pa. Super. 1995).

To convict a defendant for receiving stolen property pursuant to 18 Pa.C.S.A. § 3925, the Commonwealth must prove: "(1) the property was stolen; (2) the defendant was in possession of the property; and (3) the defendant knew or had reason to believe the property was stolen." **Commonwealth v. Foreman**, 797 A.2d 1005, 1011 (Pa. Super. 2002). "[T]he mere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence, which can be either circumstantial or direct, that demonstrates that the defendant knew or had reason to believe that the property was stolen." **Id**. at 1012 (citation omitted). "[E]ven if the accused offers an explanation for his possession of stolen property, the trier of fact may consider the possession as unexplained if it deems the explanation unsatisfactory." **Id**. at 1012-13 (citation omitted).

As applied here, the charges required the Commonwealth to present evidence capable of establishing that Williams intended to confuse Noll into giving him more money than he was due. In addressing whether the Commonwealth presented sufficient evidence to support the convictions, the trial court noted that "the jury was free to accept or reject the various theories argued by the Commonwealth and the Defense in this case, as well as utilize their own common sense to determine if this as intentional conduct on behalf of [Williams] to confuse and deceive the cashier or merely a mistake." Trial Court Opinion, 9/21/21, at 3. The trial court ultimately concluded, "When viewed in the light most favorable to the Commonwealth, there is sufficient

evidence, including that of the required mens rea, to support the jury's verdict of guilty to each count." *Id*. We agree.

Our review of the record reflects the jury had sufficient evidence to conclude that Williams possessed the necessary intent to commit all three crimes. The Commonwealth presented testimony from Noll, the cashier. *See* N.T., 5/28/21, at 49-74. Noll gave a detailed account of the transaction she handled with Williams on the evening of June 9, 2019. *See id*. at 50-54. Noll testified that the transaction began when Williams presented for purchase a $2.99 bag of popcorn and paid for it with a $100 bill. *See id*. at 51. She explained that the checkout processes became confusing when Williams returned money to her and asked for different denominations of currency. *See id*. Noll stated, "I started to get confused as to what was in my hand, what did I owe him." *Id*. Most notably, at one point Williams asked Noll for ten $20 bills, which was twice the amount that he initially presented to Noll to pay for his purchase. *See id*.[1]

---

[1] We note that during Noll's testimony the Commonwealth admitted into evidence a DVD containing video surveillance footage of the night that the transaction occurred. *See* N.T., 5/28/21, at 57. The Commonwealth played the video for the jury and Noll narrated what was appearing on the video. *See id*. at 57-60. The DVD has been made part of the certified record that was transmitted to this Court. However, our multiple attempts to view the video footage have been unsuccessful because of the format used to create the DVD. Consequently, we have not relied upon the Commonwealth's video of the transaction in reaching our decision.

Viewing the totality of this evidence, both direct and circumstantial, in the light most favorable to the Commonwealth, we hold there was sufficient evidence to prove beyond a reasonable doubt that Williams committed the crimes of theft by unlawful taking, theft by deception, and receiving stolen property. The evidence establishes that Williams, by asking to be given an amount of currency that was twice the value that he presented to pay for his item, possessed the necessary intent to commit the three crimes. Therefore, Williams's claim that the Commonwealth failed to present sufficient evidence to establish guilt of the three crimes beyond a reasonable doubt lacks merit.

Next, we address Williams's claim that the verdict was against the weight of the evidence. Williams reiterates his argument that the evidence presented did not establish he had the requisite intent necessary to support the convictions. He surmises that Noll's testimony of the incident was feeble and uncertain, such that it could not be relied upon to support the convictions. *See* Appellant's Brief at 21.

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part or none of the evidence and to determine the credibility of witnesses. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (citation omitted). When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense

of justice." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011) (citation omitted).

This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. ***See Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted)

The jury, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth and the logical inferences derived therefrom, as was its right. In addressing Williams's challenge to the weight of the evidence the trial court concluded that the jury's verdict "did not come as a shock to [the trial c]ourt. The evidence presented at trial was not contrary to the verdicts of the jury." ***See*** Trial Court Opinion, 9/21/21, at 4.

It was within the province of the jury as factfinder to resolve all issues of credibility, resolve any conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge Williams guilty. The jury weighed the evidence, credited Noll's testimony, and concluded Williams committed the crimes of theft by unlawful taking, theft by deception, and receiving stolen property. The trial court did not err in concluding the jury's verdict was not so contrary to the evidence so as to shock one's sense of justice. While the Commonwealth's case relied on circumstantial evidence, the evidence offered by Noll regarding the transaction established the necessary intent to commit the crimes. Accordingly, we conclude that the trial court did not abuse its discretion in determining Williams's weight of the evidence claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/17/2022