**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY WAYNE ISADORE | : | |
| | : | |
| Appellant | : | No. 86 WDA 2023 |

Appeal from the Judgment of Sentence Entered December 15, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000560-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 23, 2023**

Appellant, Terry Wayne Isadore, appeals from the December 15, 2022 judgment of sentence entered in the Court of Common Pleas of McKean County that imposed an aggregate sentence of 45 to 90 days' incarceration and ordered Appellant to pay $1,375.00 in fines and $53.50 in costs of prosecution. We affirm Appellant's convictions but vacate, in part, the judgment of sentence in accordance with this memorandum and remand this case for further proceedings.

The record reveals that, on November 1, 2022, the trial court, at the conclusion of a non-jury trial, convicted Appellant of: Count 1 – drivers required to be licensed (summary offense); Count 2 – driving while operating privilege is suspended or revoked – unrelated to driving under the influence

_____

[*] Former Justice specially assigned to the Superior Court.

of alcohol or a controlled substance ("DUI"); Count 3 – required financial responsibility – operation of a motor vehicle without required financial responsibility (summary offense); Count 4 – registration and certificate of title required – driving unregistered vehicle prohibited (summary offense); Count 5 – operation of vehicle without official certificate of inspection (summary offense); Count 6 – turning movements and required signals (summary offense); and Count 8 – driving while operating privilege is suspended or revoked – DUI related.[1]  On December 15, 2022, the trial court sentenced Appellant to an aggregate term of 45 to 90 days' incarceration and ordered Appellant to pay $1,375.00 in fines and $53.50 in costs of prosecution.[2]  This appeal followed.[3]

Appellant raises the followings issues for our review:

[1.]   Did the trial court err in concluding that [] Appellant violated [] 75 Pa.C.S.A. § 1543[](b)(1)(i)?

---

[1] 75 Pa.C.S.A. §§ 1501(a), 1543(a), 1786(f), 1301(a), 4703(a), 3334(a), and 1543(b)(1)(i), respectively.  Appellant was charged with habitual offenders, 75 Pa.C.S.A. § 6503.1, at Count 7.  On May 5, 2022, the trial court granted the Commonwealth's motion to withdraw Count 7.

[2] On Count 8, the trial court imposed a sentence of 45 to 90 days' incarceration and ordered Appellant to pay $500.00 in fines.  The trial court further ordered that Appellant be automatically paroled upon expiration of the minimum sentence unless the Commonwealth filed a timely objection.  At Counts 1 to 6, the trial court ordered Appellant to pay fines in the amounts of $200.00, $200.00, $300.00, $75.00, $50.00, and $50.00 respectively.

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[2.] Did the trial court err in finding [] Appellant guilty of both [] 75 Pa.C.S.A. § 1501[] and 75 Pa.C.S.A. § 1543[,] and [imposing a sentence on] both [convictions]?

[3.] Did the trial court err in finding [] Appellant guilty of both [] 75 Pa.C.S.A. § 1543[(a)] and § 1543[(b)(1)(i),] and for [imposing a sentence on] both [convictions]?

[4.] Did the trial court err in finding [] Appellant guilty of violating [] 75 Pa.C.S.A. § 3334[(a)]?

Appellant's Brief at 5 (extraneous capitalization omitted).[4]

Appellant's first issue challenges the constitutionality of Section 1543(b)(1)(i) based upon the United States Supreme Court decision in **Birchfield v. North Dakota**, 579 U.S. 438 (2016). Appellant's Brief at 12-13. Appellant asserts that pursuant to **Birchfield**, Section 1543(b)(1)(i) is unconstitutional because it "improperly criminalizes his earlier refusal to submit to a warrantless blood draw." **Id.**; **see also** Appellant's Rule 1925(b) Statement, 2/3/23, at ¶4.

"As the constitutionality of a statute presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Lawrence**, 99 A.3d 116, 118 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015). "A presumption exists that the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth when promulgating legislation." **Lawrence**, 99 A.3d at 118 (citation, original quotation marks, and brackets omitted). As such,

_____

[4] For purpose of disposition, we reorganized Appellant's issues.

"acts passed by the General Assembly are strongly presumed to be constitutional, including the manner in which they were passed." *Id.* "Thus, a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution." *Id.*

> Section 1543(b)(1)(i) of the Vehicle Code states that
>
> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to [DUI]) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500[.00] and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i). Section 1547(b)(1) of the Vehicle Code states that "[i]f any person placed under arrest for a violation of [S]ection 3802 [(DUI)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [Pennsylvania Department of Transportation] shall suspend the operating privilege of the person" for a period of 12 or 18 months.[5] 75 Pa.C.S.A. § 1547(b)(1)(i) and (ii).

---

[5] The term "chemical test or testing" is defined by the Vehicle Code as an "analysis performed on a biological material, including but not limited to breath, blood[,] or urine, to determine the identity or concentration[,] or

Upon review, we discern no error in Appellant's conviction under Section 1543(b)(1)(i) on the grounds that the statute is constitutionally infirm based upon *Birchfield*. Rather, we find Appellant's reliance on *Birchfield*, to be misplaced.

In *Birchfield*, the United States Supreme Court addressed whether implied consent laws, which required a motorist to submit to a chemical test upon arrest for suspicion of DUI or face criminal punishment, *i.e.*, incarceration or fines, violated Fourth Amendment protections against unlawful searches and seizures under the United States Constitution.[6] *Birchfield*, 579 U.S. at 444. First, the High Court, recognized a difference in privacy protections afforded to breath tests verses blood tests, explaining that

---

both[,] of particular constituents such as alcohol or controlled substances." 75 Pa.C.S.A. § 102.

[6] The Fourth Amendment provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

The underlying premise of an implied consent law is that a motorist, by virtue of driving on public roadways, was deemed to have consented to chemical tests when there was sufficient reason to believe that the motorist was driving while under the influence of alcohol or a controlled substance. *See Birchfield*, 579 U.S. at 444.

- 5 -

"[b]ecause breath tests are significantly less intrusive than blood tests and[,] in most cases[,] amply serve law enforcement interests," a breath test may, consistent with the Constitution, be "administered as a search incident to a lawful arrest for [DUI.]" *Id.* at 476. A warrant was not necessary before administering a breath test as a search incident to a lawful arrest. *Id.* Conversely, the High Court found blood tests to be "significantly more intrusive" of a person's privacy interests and, as such, absent consent or exigent circumstances, law enforcement was required to first obtain a warrant before subjecting a motorist to a blood test. *Id.*

Next, the High Court addressed the constitutionality of laws under which a motorist was deemed to have impliedly consented to a blood test by virtue of driving on public roadways. Under such statutes, motorists were subject to compulsory, warrantless blood tests upon arrest and faced criminal punishment for refusal. *Id.* at 476-478. In reaching its conclusion that implied consent laws that imposed criminal penalties for refusing a blood test were unconstitutional, the *Birchfield* Court reasoned that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 477. The High Court limited its holding in *Birchfield*, however, to those implied consent laws which imposed criminal penalties for refusal, noting that its holding in *Birchfield* should not be read to cast doubt on its prior opinions which "referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary

consequences on motorists who refuse to comply" with requests for blood tests. *Id.* at 476-477.

Here, Appellant violated Section 1543 and was subjected to criminal punishment pursuant to that provision of the Vehicle Code because he operated a motor vehicle while his operating privileges were suspended, revoked, or cancelled, not because he refused to submit to a blood test, either presently or on a prior occasion. In general, Section 1543 makes it a criminal offense for a motorist to operate a motor vehicle when the motorist's operating privileges have been suspended, revoked, or cancelled. A motorist's operating privileges can be suspended or revoked for any number of reasons, including, *inter alia*, the refusal to submit to a blood test upon arrest for DUI. The criminal punishment applicable to a violation of Section 1543 depends on the reason for the suspension, revocation, or cancellation of the motorist's operating privileges. For example, Section 1543(a) imposes a $200.00 fine when a motorist operates a motor vehicle despite a suspension, revocation, or cancellation of operating privileges resulting from non-DUI-related matters. *See* 75 Pa.C.S.A. § 1543(a); *compare* 75 Pa.C.S.A. § 1543(b). On the other hand, when the motorist operates a motor vehicle despite a suspension, revocation, or cancellation of operating privileges resulting from DUI-related matters, the motorist is subject to a punishment of a $500.00 fine and incarceration of not less than 60 days nor more than 90 days. 75 Pa.C.S.A. § 1543(b)(1)(i). Thus, a plain-reading of Section 1543 reveals that operating a motor vehicle while a motorist's operating privileges are suspended,

revoked, or cancelled triggers a violation of Section 1543, and the punishment for a violation of Section 1543 differs depending upon the cause for the suspension, revocation, or cancellation. Stated another way, Appellant's conviction of Section 1543 resulted from his operating a motor vehicle while his operating privileges were suspended, and the punishment he received was based upon the reason his operating privileges were suspended.

*Birchfield* held that implied consent to submit to a blood test was constitutionally invalid when a motorist faced criminal punishment for refusal to comply. Notwithstanding, the High Court in *Birchfield* expressed its continued approval of implied consent laws that imposed civil penalties and evidentiary consequences upon a motorist's refusal to comply with a request for blood testing. Appellant has not cited, and we are unaware of, any legal authority which invalidates an implied consent scheme in which a blood test refusal leads only to a suspension of operating privileges (but not criminal punishment) and where, in turn, criminal punishment attaches to the operation of a motor vehicle by a motorist whose driving privilege has been suspended pursuant to a valid implied consent law. If a state can validly suspend a driver's operating privilege for refusal to submit to a blood test, it can certainly punish an individual who refuses to comply with such a lawful suspension. Therefore, Appellant's challenge to his conviction of Section 1543(b)(1)(i) on the grounds the statute was constitutionally invalid pursuant to *Birchfield*, is without merit.

Appellant's second and third issues challenge his convictions under Section 1501, 1543(a), and 1543(b)(1)(i) and the corresponding sentences that he received for each of these convictions.  Appellant's Brief at 9-12.

To the extent that Appellant challenges his convictions under Sections 1501, 1543(a), and 1543(b)(1)(i), we find this issue waived for failure to raise a challenge to his convictions with the trial court.[7, 8]  *See* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); *see also Commonwealth v. Hill*, 238 A.3d 339, 408 (Pa. 2020) (finding waiver of challenges to convictions for failure to raise the issues with the trial court).

Inasmuch as Appellant's second and third issues challenge his judgment of sentence on grounds that certain convictions should have merged for sentencing purposes, such a claim implicates the legality of sentence for which our standard and scope of review are well-settled.  When presented with a

_____

[7] Inasmuch as Appellant contends the trial court erred in convicting him of multiple offenses arising from the same episode, this claim "is patently frivolous." *Commonwealth v. Laing*, 456 A.2d 204, 207 (Pa. Super. 1983) It is well-established that an individual "may be charged, tried and found guilty of several offenses for but one criminal act." *Id.* (stating, "[i]ndeed prosecutors generally offer the [fact-finder] a smorgasbord of offenses" upon which to convict an accused (citation and original quotation marks omitted)).

[8] Following his conviction, Appellant filed *pro se* a "post conviction motion" on November 2, 2022.  A review of this motion reveals that Appellant raised a claim sounding in ineffective assistance of trial counsel rather than a challenge to his convictions.  As such, this motion did not preserve a challenge to his convictions.

challenge to the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012), *appeal denied*, 70 A.3d 810 (Pa. 2013).

Appellant was convicted of the following pertinent offenses under the Vehicle Code:

**§ 1501. Drivers required to be licensed**

**(a) General rule.**--No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter. As used in this subsection, the term "public property" includes, but is not limited to, driveways and parking lots owned or leased by the Commonwealth, a political subdivision or an agency or instrumentality of either.

. . .

**(d) Penalty.**--Any person violating subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200[.00], except that, if the person charged furnishes satisfactory proof of having held a driver's license valid on the last day of the preceding driver's license period and no more than one year has elapsed from the last date for renewal, the fine shall be $25[.00]. No person charged with violating subsection (a) [] shall be convicted if the person produces at the office of the issuing authority within 15 days of the violation:

(1) a driver's license valid in this Commonwealth at the time of the violation; or

(2) if the driver's license is lost, stolen, destroyed or illegible, evidence that the driver was licensed at the time of the violation.

75 Pa.C.S.A. § 1501(a) and (d).

**§ 1543. Driving while operating privilege is suspended or revoked**

**(a) Offense defined.**--Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation[,] or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200[.00].

**(b) Certain offenses.**--

(1) The following shall apply:

(i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to [DUI]) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500[.00] and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(a) and (b)(1)(i).

Whether offenses merge for sentencing purposes turns on Section 9765 of our Sentencing Code, which provides,

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the [trial] court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Thus, Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). "If both crimes require proof of at least one element that the other does not, then the sentences do not merge." *Commonwealth v. Allen*, 856 A.2d 1251, 1253 (Pa. Super. 2004) (stating, the operative consideration in a merger analysis is "whether the elements of the offenses are the same or different"), *relying on* **Commonwealth v. Anderson**, 650 A.2d 20 (Pa. 1994).

Here, Appellant claims that the trial court erred in sentencing him separately for his convictions under Section 1501 and Section 1543. We find this claim to be without merit. Section 1501 requires the Commonwealth to prove, *inter alia*, that Appellant operated his motor vehicle without **a valid driver's license**.[9] 75 Pa.C.S.A. § 1501. To convict Appellant under Section 1543(a), the Commonwealth was required to prove that Appellant operated his motor vehicle "after the commencement of a suspension, revocation[,] or cancellation of [his] operating privilege and before [his] **operating privilege**

---

[9] Section 102 of the Vehicle Code defines "driver's license" as "[a] license or permit to drive a motor vehicle issued under this title." 75 Pa.C.S.A. § 102.

[was restored.]"[10]   75 Pa.C.S.A. § 1543(a) (emphasis added).   Section 1543(b)(1)(i) required the Commonwealth to prove that Appellant operated his motor vehicle "at a time when [his] **operating privilege** [was] suspended or revoked[.]"   75 Pa.C.S.A. § 1543(b)(1)(i) (emphasis added).   Thus, Sections 1501 and 1543(a) and (b)(1)(i) draw a distinction between driving without a driver's license and driving without operating privileges.   Section 1501 proscribes driving without a valid credential, but at a time when the operator has the right to seek one.   Sections 1543(a) and 1543(b)(1)(i), however, proscribe driving when the operator lacks both a privilege to drive **and** the right to apply for or obtain a valid credential to operate a vehicle.   As such, Section 1501 requires an element (driving without a driver's license) not included in the elements necessary to support a conviction under Section 1543.   Similarly, Section 1543 requires an element (driving without operating privileges) not included in the elements necessary to support a conviction under Section 1501.   Therefore, we discern no error in the trial court's imposition of a separate sentence under Section 1501.

In addressing Appellant's claim that the trial court erred in imposing separate sentences for his convictions under Section 1543(a) and Section 1543(b)(1)(i), we agree.   A conviction under Section 1543(a) is "indisputably

_____

[10] Section 102 of the Vehicle Code defines "operating privilege" as "[t]he privilege to apply for and obtain a license to use as well as the privilege to use a vehicle on a highway as authorized in this title, but not a contract, property right[,] or civil right."   75 Pa.C.S.A. § 102.

a lesser included offense of [Section 1543(b)(1)(i)]." ***See Commonwealth v. Ball***, 146 A.3d 755, 757 (Pa. 2016); ***see also Commonwealth v. Cunningham***, 551 A.2d 288, 290 (Pa. Super. 1988), *appeal denied*, 562 A.2d 318 (Pa. 1989). In other words, all of the elements necessary to establish a conviction of Section 1543(a) are included in the elements necessary to prove a conviction under Section 1543(b)(1)(i). ***See*** 75 Pa.C.S.A. § 1543(a); ***compare*** 75 Pa.C.S.A. § 1543(b)(1)(i). As such, pursuant Section 9765, Appellant's conviction under Section 1543(a) should have merged with his conviction under Section 1543(b)(1)(i) for sentencing purposes. Consequently, the trial court erred in ordering Appellant to pay a fine of $200.00 for his conviction of Section 1543(a). ***See*** Trial Court Opinion, 2/8/23, at 2 (acknowledging that Appellant's conviction under Section 1543(a) does merge for sentencing purposes and that the $200.00 fine should be vacated).

Appellant's final issue challenges his conviction under Section 3334(a) of the Vehicle Code. It is unclear, upon review of Appellant's Rule 1925(b) statement, the grounds upon which Appellant lodges this challenge to his conviction under Section 3334(a).[11] To the extent that Appellant attacks the sufficiency of the evidence, we concur with the trial court, and the record supports, that Appellant waived a sufficiency claim for failure to specify the

---

[11] Appellant's Rule 1925(b) frames the issue simply as: "The [trial c]ourt erred in concluding that [Appellant] was guilty of violating [Section 3334(a)] (Count 6)." Appellant's Rule 1925(b) Statement, 2/3/23, at ¶2.

element or elements of the crime upon which the evidence was insufficient. *See* Trial Court Opinion, 2/8/23, at 2; *see also Commonwealth v. Rivera*, 238 A.3d 482, 496 (Pa. Super. 2020) (stating, "in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient" or the sufficiency issue is waived (citation and brackets omitted)), *appeal denied*, 250 A.3d 1158 (Pa. 2021).

In his appellate brief, Appellant asserts "that he gave an appropriate signal of his intention to turn – and the trial [c]ourt abused its discretion in simply disregarding that evidence." Appellant's Brief at 10. Inasmuch as this assertion raises a challenge that his conviction under Section 3334(a) is contrary to the weight of the evidence, we find this issue waived for failure to comply with Pennsylvania Rule of Criminal Procedure 607(A). *See* Pa.R.Crim.P. 607(A) (stating that, "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial [court] in a motion for a new trial [] orally, on the record, at any time before sentencing; [] by written motion at any time before sentencing; or [] in a post-sentence motion" (formatting modified)); *see also Commonwealth v. Washington*, 825 A.2d 1264, 1266 (Pa. Super. 2003) (stating that, a weight of the evidence claim is waived when it is first raised on appeal rather than in compliance with Rule 607(A)).

For the reasons expressed herein, we affirm Appellant's convictions. We vacate in part Appellant's judgment of sentence to the extent that the trial court ordered Appellant to pay a fine in the amount of $200.00 for his conviction under Section 1543(a). Furthermore, we are constrained to vacate in part Appellant's judgment of sentence to the extent that the trial court sentenced Appellant to a term of incarceration of 45 to 90 days, as this sentence is illegal pursuant to Section 1543(b)(1)(i).[12] Pursuant to Section 1543(b)(1)(i), a trial court is required to sentence a defendant for a conviction thereunder "to undergo imprisonment for a period of not less than **60 days** nor more than 90 days." 75 Pa.C.S.A. § 43(b)(1)(i). Because the trial court in the case *sub judice* imposed a minimum term of incarceration that was less than 60 days, Appellant's sentence is illegal.

Convictions affirmed. Judgment of sentence affirmed, in part, and vacated, in part, in accordance with this memorandum. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023

---

[12] This Court may raise and address *sua sponte* issues concerning an illegal sentence. **Commonwealth v. Hill**, 238 A.3d 399, 407 (Pa. 2020.